## ·DUPUIS *v.* THE STATE OF OHIO.

*Criminal law — Evidence — Voluntary or involuntary confession — Duty of court and jury — Charge to jury — Independent facts corroborating inadmissible confession.*

1. When a confession is offered in evidence, the correct practice, which should ordinarily be adhered to, is for the trial judge to determine its admissibility as he determines the admissibility of other evidence, but it is not error for the trial judge to submit the question of the voluntary character of the confession to the jury in a case where the evidence on that question is in conflict and the trial judge is in doubt as to the confession having been made voluntarily, with instructions to the jury to disregard the evidence if they find that the confession was not voluntary.

2. When a confession, inadmissible because improperly procured, brings to light facts or circumstances not otherwise known tending to show guilt, the state is not precluded from proving by other evidence the facts thus disclosed because they were brought to light by a confession which is itself incompetent, and not only may the facts so disclosed be proved, but so much of the confession as discloses those facts.

(Decided January 21, 1918.)

ERROR: Court of Appeals for Sandusky county.

*Mr. Frank O'Farrell* and *Mr. John B. Stahl,* for plaintiff in error.

*Mr. A. V. Bauman,* for defendant in error.

CHITTENDEN, J. The plaintiff in error was, by a verdict of the jury, found guilty of an assault with intent to rob. Motion for new trial was overruled by the trial court and sentence imposed upon the defendant, plaintiff in error here.

A voluminous record is presented containing two hundred and forty-four exceptions taken to the rul-

ings and charge of the court. A mere statement of the number of exceptions makes it apparent that it would be impracticable, in an opinion of reasonable length, to discuss any considerable number of them.

The alleged error upon which perhaps the greatest stress is placed is the admission of a confession of the defendant, it being claimed that the evidence shows that it was not voluntarily made. The trial court, upon the question being raised as to the voluntary character of the confession, caused the jury to retire and heard evidence upon that preliminary question. Having apparently determined that the confession was admissible, the court permitted the confession to be given in evidence to the jury, together with the evidence bearing upon its voluntary or involuntary character. The jury, in the general charge, were told that they should determine from the evidence whether or not the confession was voluntary, and that if they found it to be voluntary it should be given such weight as the jury found it entitled to, and if they found the confession was not voluntary then it should be entirely excluded from consideration in the determination of the question of the guilt or innocence of the accused. The jury were also instructed to the same effect in a special instruction given after argument at the request of the defendant. The jury probably found that the confession was voluntarily made, and, if they did so find, the verdict in that respect is entirely sustained by the evidence. It is now claimed by the plaintiff in error that this question should not have been submitted to the jury for the reason that there is no question in this case but that the confession was made as a result of inducement held out by

the sheriff while the defendant was confined in the jail. The sheriff testified that he told the defendant that he would do what he could for him as a man, if he told the truth about the offense charged against him. The sheriff, however, also testified that before he made any such statement to the defendant, the defendant had told him that he wanted to tell all he knew about the occurrence and get it off his mind. Whatever the rule may be in other states, it is undoubtedly the rule in Ohio that "the question in every case, where a confession has followed representations or threats, is, was it produced by them?" *Spears* v. *State,* 2 Ohio St., 584, and *Rufer* v. *State,* 25 Ohio St., 464.

So the question is not simply "Was some promise made?" but "Did that promise, if one was made, induce the making of the confession?"

We think the correct practice in this state, in disposing of the question of admissibility of a confession, has been clearly indicated by the supreme court in several decisions. In *Spears* v. *State, supra,* the supreme court held that the question of voluntariness of the confession is to be decided by the judge, if the confession when offered is objected to on the ground that it was not voluntarily made. In *Rufer* v. *State, supra,* the court says, at page 470:

"It is the duty of the Judge in such case to hear and determine the question of its admissibility, not upon such showing as the prosecutor may deem proper to make upon a preliminary examination-in-chief of the witness, but upon the proof which the accused may offer on his own examination of the

witness.  We do not mean to say that the question, whether or not the confession was made voluntarily, can 'in no event be left to the jury; but we do hold the rule to be that the question, when objection is made to the admissibility of the confession, must, in the first instance, be adjudged by the court, and that the right of the accused to inquire of the witness and prove that the confession was induced by improper threats or promises, can not be postponed until after the confession is introduced, and the entire examination of the witness in chief has been concluded."

An extension of the limits of examination on the question of the voluntary character of the confession was determined in *Lefevre* v. *State,* 50 Ohio St., 584, where it was held that when a confession is offered in evidence, and objection is made to its admission on the ground that it has been induced by threats or promises, it becomes the duty of the judge to determine the question, and that upon the preliminary inquiry before the judge the defendant may introduce pertinent evidence in addition to that which results from the preliminary examination and cross-examination of the witness produced to testify to the confession.

There is an abundance of conflict in the testimony in this case as to whether or not the confession was voluntary, and we find no error in the action of the trial court in submitting that question of fact to the jury.  *Burdge* v. *State,* 53 Ohio St., 512.

We think these cases clearly indicate that it is the correct practice, which should ordinarily be adhered to, for the trial judge to determine the admissibility of confessions as he determines the admissibility of

other evidence. In view of the decision of the supreme court in *Burdge* v. *State, supra,* it cannot, however, be held to be error for the trial court to submit the question of the voluntary character of the confession to the jury, in a case where the evidence on that question is in conflict and the trial court is in doubt as to the confession having been made voluntarily, with instructions to the jury to disregard the evidence if satisfied that the confession was not voluntary.

In the charge to the jury, the court used the following language:

"When a confession is given in evidence, the whole thereof is to be taken together with all the other evidence in the case. And, it is no objection to proof of the facts so discovered that their discovery was, if it was, brought about by means of a confession; in other words, though confessions improperly obtained, that is by threats or promises of some temporal benefit, may be inadmissible, under the rules I have given you, yet any material facts brought to light in consequence of such confessions, and so much of the confessions as are fully and convincingly and beyond a reasonable doubt, corroborated by these discovered facts, if there were any, may be received and considered by the jury in connection with all the evidence before you, even though that part of the confession was obtained by promise or threats or both. In other words, though confessions improperly obtained are inadmissible, any facts brought to light in consequence of such confessions, and so much of the confessions as is satisfactorily and fully to your full satisfaction,

beyond a reasonable doubt, corroborated by these facts, may be received."

It is earnestly contended by counsel for plaintiff in error that this is an incorrect statement of the law and prejudicial. We do not find that the latter part of the above-quoted portion of the charge is entirely correct. The rule that seems to be sustained by the great weight of authority is that, if a confession, being inadmissible because improperly procured, brings to light facts or circumstances tending to show guilt, the prosecution is not precluded from proving by other evidence the facts thus disclosed because they were brought to light by a confession which is itself incompetent, and that not only may the fact disclosed be proved but that portion of the confession disclosing it. 3 Encyclopedia of Evidence, 341, 342, and 12 Cyc., 478.

It will be noted that the rule thus stated provides only for the proving of that portion of the confession which discloses the independent facts that are otherwise proved. In the latter part of the quotation from the charge it will be seen that the court told the jury that not only might they consider the independent facts, but so much of the confession as is corroborated by these facts. The language used by the judge in the charge has a broader scope than that indicated by the rule above stated. In fact, the language employed by the trial judge is sufficient in scope to include the ultimate fact of admitted guilt if that admission of guilt was made directly in connection with the evidence out of which the discovery of the independent fact arose, and to permit the introduction of that portion of an involuntary confession which embraced the ultimate

fact of admitted guilt would manifestly admit in evidence all there is of substance in any confession.

Although the charge is found not to be entirely correct in the respect indicated, we are unable to find that it constituted any prejudicial error, especially in view of the fact that the jury probably found the confession to have been voluntary, as they may well have done from the evidence, and in view of the further fact that even if the confession had been entirely excluded from the jury there is ample evidence to sustain the verdict of guilty.

There are other errors alleged to exist in the charge, and, as heretofore indicated, a vast number of errors said to be manifest throughout the record. The court has devoted an unusual amount of time to the examination of these claimed errors. We deem it unnecessary to extend this opinion by undertaking to discuss any others than those heretofore mentioned. Upon a most careful examination of this record we find no prejudicial error, and the judgment of the common pleas court will therefore be affirmed.

*Judgment affirmed.*

RICHARDS and KINKADE, JJ., concur.